**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID L. MATHIS,<br><br>     Petitioner-Appellant,<br><br> v.<br><br>J. SALAZAR,<br><br>     Respondent-Appellee. | No. 17-15646<br><br>D.C. No. 2:17-cv-00052-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding[**]

Submitted January 16, 2018[***]

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Federal prisoner David Mathis appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a district court's denial of a section

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2241 habeas petition, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we affirm.

Mathis argues that the two-hour watch program at FCI Herlong, which requires higher risk prisoners to report to staff every two hours during the day and when moving from one location in the prison to another, violates his due process and equal protection rights. Mathis's due process claims fail because the two-hour watch program does not implicate a liberty interest protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (explaining that liberty interests are implicated where a restraint exceeds the sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting not "every state action carrying adverse consequences for prison inmates automatically activates a due process right").

Mathis's equal protection challenge to the two-hour watch program also fails because he has not alleged that the prison's placement of inmates into the program "affect[s] fundamental rights [or] proceed[s] along suspect lines," *Heller v. Doe*, 509 U.S. 312, 319 (1993), and we perceive a rational basis for requiring higher risk inmates to report to staff more frequently, *see, e.g.*, *McLean v. Crabtree*, 173 F.3d 1176, 1186 (9th Cir. 1999) (concluding the Bureau of Prisons had a rational basis

for excluding inmates with detainers from sentence reduction eligibility).

Mathis's claim that the district court erred when it denied his petition without leave to amend, raised for the first time in his reply brief, is waived. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1213 (9th Cir. 2017).

**AFFIRMED.**